UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                          Criminal Action No. 3:24-cr-00084-RGJ

D'ANDRE WILLIAMS, ET AL.                                          Defendants

**MEMORANDUM OPINION & ORDER**

On July 10, 2024, the grand jury issued a three count indictment against D'Andre Williams (1) ("Williams") and Djuan Truss (2) ("Truss") charging both with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2, and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. [DE 4].

On August 6, 2024, the grand jury issued a three count Superseding Indictment charging Williams, Truss, Rayshawn Spearman Sr. (3) ("Spearman Sr."), Elmondo Elliott (4) ("Elliott"), Desmond Knox (5) ("Knox"), Rayshawn Spearman Jr. (6) ("Spearman Jr."), Brandan Arnold (7) ("B. Arnold"), Antonio Arnold (8) ("A. Arnold"), Dwayne Evans (9) ("D. Evans"), Melanie Surrell (10) ("Surrell"), Antonio Evans (11) ("A. Evans"), Davonte Hoskins (12) ("Hoskins"), Gardner Webb (13) ("Webb") and Tanaja Lee (14) ("Lee") with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); charging Williams, Truss, Spearman Sr., and Elliott with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and charging Williams, Truss, Spearman Sr., and Elliott with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.  [DE 10].

1

Arraignments were conducted as follows: August 14, D. Evans [DE 32]; August 15-16, Spearman Sr. [DE 34; 44]; August 15, A. Evans [DE 35], Surrell [DE 37], Spearman Jr. [DE 40]; August 22, A. Arnold [DE 51], B. Arnold [DE 52]; August 26, Knox [DE 69]; August 29, Truss [DE 79], Webb [DE 83], Williams [DE 82]; September 3, Lee [DE 94]; September 9, Elliott [DE 90].  On August 27, 2024, a Writ of Habeas Corpus Ad Prosequendum was signed for Hoskins. [DE 66].

On August 23, 2024, the United States moved to join indictments in Criminal Action Numbers 3:24-CR-84-RGJ, 4:24-CR-23-RGJ, 4:24-CR-24-RGJ, 4:24-CR-25-RGJ, and 4:24-CR-26-RGJ, pursuant to Fed. R. Crim. P. 13 [DE 55] and moved to declare the case complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and to extend the pretrial deadlines entered by the Court, including for tendering discovery [DE 61].  On August 29, 2024, Spearman Jr. objected to the United States' motions.  [DE 75; DE 76]. On September 13, 2024, B. Arnold responded to the United States' motion to declare the case complex, stating no objection. [DE 92]. No additional objections to these two motions by the United States [DE 55; DE 61] have been filed to date.

On September 10, 2024, this matter was transferred from the docket of Judge David J. Hale to the undersigned pursuant to LCrR 50.1(b), noting that this case appears to arise out of the "same alleged scheme, series of transactions or events as found in cases previously assigned to and pending before U.S. District Judge Rebecca Grady Jennings." [DE 87].

For the reasons below, the United States' motion to join indictments [DE 55] is **DENIED** and the motion to declare complex [DE 61] is **GRANTED with caution**.

### A.  Motion to Join Indictments [DE 55].

The United States requests that this Court join the indictments in Criminal Action Numbers 3:24-CR-84-RGJ, 4:24-CR-23-RGJ, 4:24-CR-24-RGJ, 4:24-CR-25-RGJ, and 4:24-CR-26-RGJ,

2

pursuant to Fed. R. Crim. P. 13. [DE 55 at 146].  The United States argues that joinder of these indictments is not prejudicial to the defendants, will "promote judicial economy and overall efficiency and serve the interests of justice" as there is a "preference in the federal system for joint trials of defendants who are indicted together."  [*Id.* at 147 (citing *Phillips v. Million*, 374 F.3d 395, 398 (6th Cir. 2004) and *Zafiro v. United States*, 506 U.S. 534, 537 (1993))].  The United States notes that joinder would "allow the five indictments and the defendants named therein to be brought before one Judge, who could impose one set of pretrial deadlines, rule on all pretrial litigation, and balance trial dates for the defendants."  [*Id.*].

Only Defendant Spearman Jr. has objected, asserting that "[t]he risks of spillover, jury confusion, and variance from the Indictment by proving multiple conspiracies, are high in a case with so many defendants" and as a result, "[t]he likelihood of Mr. Spearman, Jr. being able to get a fair trial is greatly diminished by joining so many Indictments and defendants together."  [DE 75 at 222].

Since the filing of this motion, the three related cases that were not already assigned to the undersigned by random draw, have been ordered by the respective judges reassigned to the undersigned pursuant to LCrR 50.1(b).[1]  The reassignments note the exact issues raised by the United States in its motion, that the cases appear to arise out of the same conspiracy, common scheme, transaction, series of transactions or events that would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges. [DE 87].  As a result, many, if not all the efficiencies of having these cases heard by the same judge have already been accomplished by the reassignments.

---

[1] The undersigned being the only judge sitting in both divisions in which the cases were filed, Owensboro and Louisville.

The Court finds that additional joinder of the indictments will not further judicial efficiency. Rule 13 states that: "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Rule 8(a) permits the joinder of multiple offenses under a single indictment, and states that the "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Montgomery*, 358 F. App'x 622, 627 (6th Cir. 2009). The character of the offenses in the five indictments would have permitted these separate cases to be tried in a single indictment.

Importantly, the Court notes that not all the parties are charged with the same charges across the five indictments, although all are of the same character. Consolidation of indictments is not proper where "some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried." *United States v. Vasquez-Barrena*, No. 1:07-CR-70, 2007 WL 5312629, at *1 (E.D. Tenn. Dec. 28, 2007) (citing *McElroy v. United States,* 164 U.S. 76, 82(1896); *accord United States v. Lane,* 474 U.S. 438, 466 n. 2 (1986)). Here, while all defendants across the five indictments are charged with conspiracy some are also charged separately with possession of various controlled substances and/or firearms charges. *Compare* [DE 10] *with* 4:24-CR-23-RGJ at [DE 1].

Consolidation of indictments, however, is within the court's sound discretion, which should be "exercised with a view to the avoidance of unnecessary delay and expense and in the interest of both parties, except in a case where the charges are of such a nature that consolidation will result in prejudice to the defendant or embarrassment in the presentation of his defense."

4

*United States v. Glass,* 30 F.Supp. 397, 399 (W.D.Ky. 1939), *see also United States v. Putman*, No. 18-20242, 2018 WL 4333968, at *2 (E.D. Mich. Sept. 11, 2018) (citing *United States v. Halper*, 590 F.2d 422 (2d Cir. 1978) and noting that whether consolidation should be ordered under Fed. R. Crim. P 13 is a question within the trial court's sound discretion). "The language of Rule 13 is permissive, but a court should consider the effect of consolidation on judicial economy and any possible prejudice to the defendants named in the indictment." *United States v. Vasquez-Barrena*, No. 1:07-CR-70, 2007 WL 5312629, at *1 (E.D. Tenn. Dec. 28, 2007) (citing *United States v. Briscoe,* 1992 WL 207943, * 3 (D.D.C. Aug.14, 1992), *aff'd,* 26 F.3d 142 (D.C.Cir.1994)).

Here, based on the filing of the cases in two separate divisions of this Court, the total number of defendants (37), the limited space available in the courtrooms for the appearance of the defendants and their counsel, the scheduling of appearances with such a large number of counsel with varying schedules, the ability of the United States Marshals Service to provide for transportation for in-person appearances, and practical concerns for management of the case, joinder of the indictments will not further judicial efficiency and is impractical. This Court, however, intends to move all five cases with similar scheduling orders and in a similar fashion. For these reasons, the United States' motion to join indictments [DE 55] is **DENIED.**

### B.  Motion to Declare Complex [DE 61].

The United States requests this case be declared complex asserting that the Indictment names fourteen defendants and is part of a much larger, overarching criminal conspiracy which was charged by way of five (5) separate Indictments (3:24-CR-84-DJH, 4:24-CR-23-GNS, 4:24-CR-24-RGJ, 4:24-CR-25-GNS, and 4:24-CR-26-GNS) involving 37 defendants. [DE 61 at 159]. Additionally, the United States asserts that:

these Indictments came as a result of a lengthy investigation involving Title III wiretaps over multiple cell phones, physical and electronic surveillance, controlled purchases of narcotics, etc. As a result of the complex nature of the investigation, the process of providing discovery to the defendants will be an ongoing process and take additional time. In addition, defense counsel will need require [sic] adequate time to review the substantial discovery to prepare for trial and/or negotiate resolution of this matter.

[*Id.*].  And finally, the United States requests that the Court "extend the pretrial deadlines entered by the Court, including for tendering discovery" because of the voluminous nature of the discovery.  [*Id.* at 160].

Spearman Jr. responded in opposition, asserting that he will be harmed by any "lengthy delay" and he "does not agree that the United States should be relieved of its burden to try the case without delay."  [DE 76 at 215].

### i.   *Legal Standard*

"[T]he Speedy Trial Act comprehensively regulates the time within which a trial must begin," and also provides "numerous categories of delay that are not counted in applying the Act's deadlines." *Zedner v. United States*, 547 U.S. 489, 500 (2006). For example, it "requires that a trial commence within seventy days of the filing date or the date the defendant appeared before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1)." *United States v. Stone*, 461 Fed. App'x 461, 463 (6th Cir. 2012). However, while the 70-day maximum is a bright line rule, as the *Zedner* Court noted, there are several instances in which that time is tolled, including where a case is ruled "complex." Pursuant to 18 U.S.C. § 3161(h)(7)(A), an exclusion is allowed for periods of "delay resulting from a continuance granted by any judge . . . if . . . on the basis of his finding that the ends of justice served . . . outweigh the best interest of the public and the defendant in a speedy trial." One of the issues the court may consider in deciding whether this finding is necessary is "whether the case is so unusual or so complex, due to the number of

6

defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Before granting a so-called "ends-of-justice continuance," "a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel." *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012). Importantly, the court's findings must be set forth, either orally or in writing. 18 U.S.C. § 3161(h)(7)(A).

### ii. *Analysis*

18 U.S.C. § 3161(h)(7)(B)(ii) focuses on three specific factors, which the Court should analyze in determining whether an action is "complex" under the meaning of the Speedy Trial Act: (1) "the number of defendants," (2) "the nature of the prosecution," and (3) "the existence of novel questions of fact or law . . ." 18 U.S.C. § 3161(h)(7)(B)(ii). The United States only moves under the first two factors, and there does not appear to be any novel questions of law at issue for the Court to consider as part of its analysis.

As to the number of defendants, there are fourteen defendants in the present action. [DE 10]. This alone is insufficient to deem this case "complex" under the Speedy Trial Act. The United States asserts, however, that these defendants are related to four additional indictments pending before this court which encompass a total of 37 defendants.

As to "the nature of the prosecution," this is a three-count indictment for conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(A) and other possession with the intent to distribute charges. [DE 10]. As charged, the conspiracy began "on a date unknown to the Grand Jury, but at least as early as on or about March

2023, and continuing up to and through on or about August 5, 2024." [*Id.* at 22]. As such, the alleged conspiracy spans at least sixteen months. This factor alone also does not paint a particularly complex picture.

However, the United States argues that it is the "lengthy investigation involving Title III wiretaps over multiple cell phones, physical and electronic surveillance, controlled purchases of narcotics, etc." that makes this case complex because the process of providing all this discovery for the lengthy period of the conspiracy will take additional time. [DE 61 at 159]. There is no doubt that the case will require a significant amount of production of discovery and, in turn, will also require a significant amount of time to review.

To be clear, no one factor forces the Court to conclude that this case should be declared complex. Instead, in examining all the circumstances surrounding this case and the indictment in this case as well as the related indictments, this case meets the criteria for a finding of complexity. The number of related cases (four), number of defendants (fourteen), the time period of the alleged conspiracy (at least sixteen months), the number of controlled buys and, perhaps most importantly, the number of Title III telephone wiretaps involved, "renders the decision to declare this case complex a straightforward one." *United States v. Strong*, No. 3:17-CR-68-TBR, 2018 WL 660637, at *3 (W.D. Ky. Feb. 1, 2018).

That said, this Court has always been reluctant to declare a case complex and find that that the ends of justice served by granting additional time for discovery and prosecution outweigh the interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This is especially true when the defendants are in custody, as they are here. In nearly every circumstance, when discovery is extensive and time consuming, the parties can agree to exclude time from the speedy trial calculation when necessary and fair to all parties without a declaring of complexity,

pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv). This allows the Court to review, at consistent intervals using status conferences: (1) whether the ends of justice served by continued delay outweigh the best interests of the public and the defendants in a speedy trial; (2) whether failure to grant such a continuance would deny counsel for defendants and the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* § 3161(h)(7)(B)(iv) and *Zedner,* 547 U.S. 489; and (3) to ensure that continued delay is not "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government," *see* § 3161(h)(7)(C).   The Court, despite a declaration of complexity, will require that same periodic review here to ensure that the declaration of complexity is not being abused.

In short, the Court finds the case complex.  But a word caution must be stated. Too often, a declaration of complexity leads to lack of urgency, a stalling of progress, and the availability of a built-in "excuse" when time cannot be devoted to the case.  As with all cases, complex or not, the Court will continue to have status conferences at regular intervals and expect all counsel to minimize the length of any delay in the prosecution and resolution of this case to ensure that the interests of the public and the defendants in a speedy trial are respected.  As a result, the United States' motion to declare complex [DE 61] is **GRANTED with caution**.

Requests for extension of the pretrial deadlines, including for tendering discovery, will be handled at the first Status Conference in this matter set for September 24, 2024.

### CONCLUSION

For the reasons set forth above and the Court being sufficiently advised **IT IS ORDERED** as follows:

(1) The United States' Motion to Join Indictments [DE 55] is **DENIED.**

(2) The United States' Motion to Declare Complex [DE 61] is **GRANTED with caution.**